IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC FELDMAN and ERIC FELDMAN & ASSOCIATES, P.C., <br><br> Plaintiffs, <br><br> vs. <br><br> PHILIP NORMAN and GARY MARINOSCI, <br><br> Defendants. | Case No. 18 C 4662 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Eric Feldman and Eric Feldman & Associates P.C. (EFA) filed an action in state court against Gary Marinosci and Philip Norman seeking damages under the Illinois Wage Payment and Collection Act. Marinosci and Norman removed the case to federal court based on diversity of citizenship. They have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to stay litigation pending arbitration of plaintiffs' claims against Marinosci Law Group P.C., the law firm that they operate.

### Background

Marinosci Law Group P.C. (MLG) is a law firm and Rhode Island professional corporation that also does business in Illinois. Marinosci and Norman were managing partners of MLG at the time relevant to this proceeding.

On January 14, 2015, Feldman and EFA entered into a Collaboration and

Employment Agreement with MLG. The purpose of the agreement was to merge EFA's practice with MLG in order to create an MLG office in Illinois and Wisconsin. The parties agreed that MLG would employ Feldman as managing attorney of the new office. The employment agreement contained provisions concerning revenue sharing and bonuses, assumed liabilities, vacation pay, and severance pay, and a provision for arbitration of disputes. From January 14, 2015 to October 25, 2017, Feldman was employed by MLG and Feldman, and EFA provided services under the employment agreement.

On October 25, 2017, MLG sent a letter and proposed separation agreement to Feldman, which was signed by Norman and copied to Marinosci, exercising MLG's rights to terminate the employment agreement. Following the letter and a face-to-face meeting, Feldman and EFA sent MLG a detailed breakdown of all the monies that they believed were due and owing under the employment agreement. MLG contended that the employment agreement was terminated for cause and refused to pay anything more. On June 25, 2018, Feldman and EFA filed the present lawsuit, alleging violations of the Illinois Wage Payment and Collection Act (IWPCA). On that same date, plaintiffs filed a demand for arbitration against MLG before the American Arbitration Association in Rhode Island based on the same claims, citing the arbitration provision in the employment agreement.

## Discussion

Defendants have moved to stay the present lawsuit pending the outcome of arbitration between plaintiffs and MLG. Plaintiffs argue that because Norman and Marinosci are not signatories to the employment agreement, which includes an

arbitration provision, defendants are not entitled to a stay of the present suit.

Plaintiffs' claims in the present case arise from the same set of facts against their claims against MLG that are in arbitration. The Seventh Circuit has held that a stay of a lawsuit may be appropriate in this situation, in accordance with the principles of parallel-proceeding abstention, where "a party to an arbitration agreement, trying to get around it, sues not only the other party to the agreement, but some related party with which it has no arbitration agreement, in the hope that the claim against the other party will be adjudicated first and have preclusive effect in the arbitration." *IDS Life Ins. Co. v. SunAmerica, Inc.*, 103 F.3d 524, 530 (7th Cir. 1996) (rejecting stay for non-signatory based on section 3 of the Federal Arbitration Act, but allowing one under principles of parallel-proceeding abstention). "Parallel proceedings, one judicial, one arbitral, are governed… by the normal rules for parallel-proceeding abstention." *Id.* at 529.

Abstention from the exercise of federal jurisdiction is the exception, not the rule. *See Colorado River Water Conservation District v. United* States, 424 U.S. 800, 813 (1976). It may be invoked only in those "exceptional circumstances" in which abstention "would clearly serve an important countervailing interest." *Int'l Coll. of Surgeons v. City of Chicago*, 153 F.3d 356, 360 (7th Cir. 1996) (quoting *Cty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–89 (1959)). A court conducts a two-part inquiry to determine if abstention is appropriate under *Colorado River*. First, the court determines whether the two proceedings are parallel. If they are, the court then considers a number of factors to determine if there are exceptional circumstances that justify abstention. *Tyrer v. City of S. Beloit*, 456 F.3d 744, 751 (7th Cir. 2006).

This case and the arbitration between plaintiffs and MLG qualify as parallel.

3

Formal symmetry is not required; suits are parallel if "substantially the same parties are contemporaneously litigating the same issues in another forum." *Id.* at 752. The parties are substantially the same: plaintiffs here are the claimants in the arbitration and defendants here are the owners of MLG, the respondent in the arbitration. And both cases arise from the employment agreement between MLG and plaintiffs. Finally, plaintiffs allege in both cases that they are entitled to monetary relief under the IWPCA.

Because the cases are parallel, the Court proceeds to the second part of the analysis. This requires the Court to weigh ten non-exclusive factors that the Seventh Circuit has adopted based on the Supreme Court's guidance in *Colorado River* and in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 23-27 (1983). The factors are: (1) whether the other forum has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state, or federal; (6) the adequacy of [other] action to protect the federal plaintiff's rights; (7) the relative progress of both proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. *See Tyrer,* 456 F.3d at 755. Because abstention is the exception rather than the rule, absent or neutral factors weigh against a stay. *See Huon v. Johnson & Bell Ltd.*, 657 F.3d 641 (7th Cir. 2011).

The following factors point in favor of abstention:

- (2) The forum in the present case is not convenient to either defendant because neither is a citizen or resident of Illinois. The arbitration proceeding in Rhode

4

Island would be more convenient for Marinosci because he is a citizen of that state.

- (3) There is a legitimate concern regarding piecemeal litigation. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Tyrer,* 456 F.3d at 755. Because the plaintiffs' claims in this court are virtually the same as their claims in arbitration, allowing the cases to proceed also runs the risk of inconsistent rulings. "[T]his sort of redundancy counsels in favor of a stay." *Clark v. Lacy,* 376 F.3d 682, 687 (7th Cir. 2004).
- (5) The governing law in the present case is state law, which weighs in favor of abstention.
- (6) There is no basis to believe that the arbitration forum does not adequately protect plaintiffs' rights.
- (10) The federal claim is contrived, at least to some extent. Plaintiffs' claims in the present suit are both premised on the existence of an agreement, but the agreement in question—the employment agreement—is with MLG, not the defendants that plaintiffs have sued here. This suggests that in filing the present suit, plaintiffs are simply attempting to recast their claims to end-run the arbitration agreement.

The following factors point against abstention:

- (1) No property is at issue, so this factor is not present, which weighs against abstention.
- (8) There is not concurrent jurisdiction in the arbitration over the claims against

5

      Marinosci and Norman, because they are not parties to the arbitration agreement.

- (9) Defendants cannot remove to federal court the claims that are in arbitration

Factors 4 and 7 are neutral, because the proceedings were initiated at the same time, and the Court has not been given information by either side about how far along the arbitration is as compared with this case.

    In sum, the majority of the *Colorado River* factors that are at issue (half of the factors altogether) weigh in favor of a stay of these proceedings. And two of these factors—particularly the fact that the present case appears to be largely an attempt to end-run the arbitration agreement, and the desirability of avoiding piecemeal litigation—weigh significantly in favor of a stay, as they indicate that abstention would promote efficient judicial administration. The Court concludes that defendants have shown the existence of exceptional circumstances justifying a stay of the present case pending resolution of the arbitration.[1]

### Conclusion

    For the reasons stated above, the Court grants defendants' motion to stay [5] and therefore defers ruling on their motion to dismiss. The status hearing and ruling date of November 6, 2018 is vacated. Due to the likelihood of an extended stay, the Clerk is directed to administratively terminate the case as a pending case. The parties are

---

[1] This determination will be subject to reconsideration should the arbitration stall despite efforts by plaintiffs to move it along.

directed to file a joint status report regarding the arbitration on January 31, 2019.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 6, 2018